26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Wilder FAUNCE, Plaintiff-Appellant,
v.
Daniel J. McCARTHY, et al., Defendant-Appellees.
 No. 91-16722.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.
Decided June 14, 1994.
 
 Before: CHOY, POOLE and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner David W. Faunce ("Faunce") appeals the district court's summary judgment for defendant prison officials in his action pursuant to 42 U.S.C. Sec. 1983 and 18 U.S.C. Sec. 1962 (i.e., RICO).[1] Faunce alleges that the prison officials conspired to deprive prisoners of their right to pursue litigation by opening, reading, destroying and delaying the prisoners' confidential mail. Faunce also alleges, inter alia, that prision officials conspired to deprive prisoners of their personal mail and that in furtherance of their mail fraud scheme prison officials intimidated witnesses, obstructed justice, and committed acts of attempted murder and attempted assault.
 
 
 3
 On appeal, Faunce challenges the district court's grant of summary judgment to the prison officials. Faunce claims that his evidence raises disputed issues of material fact, and that summary judgment was therefore inappropriate under Adickes v. S.H. Kress & Co., 398 U.S. 144 (1969). Faunce also claims that the district court erred in 1) refusing to rule on his Fed.R.Civ.P. 56(f) motions for additional discovery and denying his subsequent motions to compel discovery, 2) refusing to convene a grand jury, and 3) refusing to recuse the California Attorney General's office from defending the prison officials.
 
 
 4
 We affirm the district court's grant of summary judgment. As the district court noted in its Memorandum and Order granting summary judgment, Faunce's evidence consists entirely of unauthenticated and inadmissible documents, inadmissible hearsay, and unsupported and improbable inferences. After the defendants met their initial burden of demonstrating the absence of a genuine issue of material fact, see Celotex Corp. v. Catrett, 477 U.S. 317 (1986), Faunce failed entirely to counter with a showing of evidence sufficient to provide a reasonable jury with a basis to rule in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 254 (1986).
 
 
 5
 Faunce's other contentions are also meritless. First, the district court did not refuse to rule on Faunce's motions to extend discovery. The court's decision to close the discovery period and to consider the defendants' motion for summary judgment effectively constituted a denial of the motions. The court did not abuse its discretion, moreover, in denying either these motions or Faunce's subsequent motions to compel discovery because the court had previously granted Faunce two extensions of the discovery period and Faunce made no showing that he was unable to conduct reasonable discovery within the time allotted.
 
 
 6
 The district court also did not err in refusing to convene a grand jury. A district court's decision to convene a grand jury is committed to its discretion under 18 U.S.C. Sec. 3332(a)--i.e., a district court has no obligation under Sec. 3332(a) to convene a grand jury to investigate criminal charges.
 
 
 7
 Finally, this court lacks jurisdiction to rule on Faunce's argument that the district court erred in refusing to recuse the California Attorney General from representing the prison officials because Faunce failed to seek reconsideration of the court's order within the 10 days specified by the Eastern District's local rules.
 
 
 8
 The district court's grant of summary judgment is
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Faunce's Sec. 1983 and RICO claims are premised upon alleged violations of 18 U.S.C. Secs. 1341 (mail fraud), 1503 (obstruction of justice), and 1512 (witness tampering)